### No. 403
### THOMPSON v. HARBINE

Ohio Appeals, 1st Dist., Warren Co.

No. 114.    Decided Nov. 16, 1925

651. INTEREST & USURY—To be constituted a money lender upon chattels, under 6346-1 to 6346-10 GC. so as to charge in excess of 8% per annum on money loaned, the lender must conform to limitations contained in these sections by giving a bond, furnishing the borrower with a copy of the code referring to interest, and with a written statement showing the amount, time rates, etc. of the loan.

BUCHWALTER, P. J.

William Thompson, as assignee of Edward Shroyer, disallowed the claim of John Harbine on a promissory note. Thompson claimed that Harbine was not entitled to the interest claimed in Harbine's petition.

Harbine alleged that Shroyer and wife executed to him a note for $1000, secured by chattel mortgage with interest at 2½% per month and 3% per month after maturity; that prior to maturity of the note, Shroyer made an assignment to Thompson for the benefit of his creditors. Harbine further claimed to be a money lender licensed to do business under 6346-1 to 6346-10 GC.

Thompson, in his answer, averred that he was prosecuting the sale of the chattel property, and admitted his willingness to consent to an allowance for the principal sum due and interest at 6% per annum. The judgment in the Warren Common Pleas was for Harbine in the full amount claimed. Error was prosecuted, and the Court of Appeals held:

1. The point in issue was as to the payment or allowance of 2½% per month and 3% after maturity, instead of interest at 6% per annum.

2. Judgment being rendered on the pleadings, the only matter of importance is as to whether or not an issue was joined upon Harbine's right to receive interest in excess of 6% per annum under the laws of Ohio.

3. If Thompson fairly raised the issue, then judgment on the pleadings was incorrect and prejudicial.

4. Harbine's right to charge interest upon a loan in excess of 8% is governed by 6346-1 to 6346-10 GC. and it is essential for the money lender upon chattels to give bond, furnish the borrower with a copy of the Code referring to interest and show in writing, the amount, time, rates, etc., of the loan.

5. Since the allegations of a pleading are to be liberally construed and in view of 8 OS. 293, there was a controverted question of fact to be determined in this case, the lower court erred in granting the motion for a judgment.

Judgment reversed and cause remanded.

Attorneys—Howard W. Ivins, Lebanon, for Thompson; John T. Harbine, Jr., Xenia, for Harbine.